# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| DEDRICK JOHNSON, | ) |
| Plaintiff, | ) |
| | ) Cause No. 3:17-cv-71 |
| vs. | ) |
| LT. DYKSTRA, et al., | ) |
| Defendants. | ) |

## **OPINION AND ORDER**

Plaintiff, Dedrick Johnson, a *pro se* prisoner, filed an amended complaint alleging that Indiana State Prison (ISP) officers, Lieutenant Dykstra and Lieutenant Watson, subjected him to substandard conditions of confinement for six days in May 2016. (DE 8.) Pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. However, "[a] document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

According to the amended complaint, on May 26, 2016, Johnson was placed in a Special Management Cell (SMC) by Dykstra and Watson. (DE 8 at 2.) Fecal matter covered the walls, floor, door and ceiling of the cell. (*Id.*) In addition, vomit, food, and

1

feces were smeared and caked on the toilet seat and sink. (*Id.*) During this time, Johnson explains that he had his jaw wired shut due to a previous injury. (*Id.*) And, as a result of being subjected to the filth and stench of his cell, accompanied with the dried urine on the mattress, he became physically ill and began to vomit. (*Id.*) To prevent from choking, Johnson had to rip the wire out of his mouth, which broke a tooth. (*Id.*) Johnson was left in the SMC cell for six days and given no medical treatment. He was never allowed to clean the cell or take a shower. (*Id.*) He had to eat his meals outside the SMC because of the stench and filth inside the cell. (*Id.*) Based on these events, Johnson sues the two officers, asserting a violation of his Eighth Amendment rights.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 846 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.* at 834. Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to be provided with adequate food, clothing, bedding, and sanitation. *See generally Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006); *Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996).

Here, although his complaint is not heavy on detail, giving Johnson the benefit

he is entitled to at this stage, the court concludes that he has stated enough to proceed on a claim that he was denied the minimal civilized measure of life's necessities. Unnecessarily leaving a person in a cell covered in vomit and feces for six days implicates the Eighth Amendment. So, too, does denying his need for medical care.

Johnson must also show the defendants acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834. As the Seventh Circuit has explained:

> Under this standard, conduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference").

Based on the allegations in the amended complaint, it is reasonable to infer based that the defendants were aware of the conditions in the cell. Those conditions would have been open and obvious. It's also reasonable to infer that both defendants knew that Johnson needed medical attention. This would amount to deliberate indifference. As such, Johnson will be granted leave to proceed on this Eighth Amendment claim against the defendants.

Accordingly:

(1) Johnson is **GRANTED** leave to proceed against Dykstra and Watson in their

individual capacities for money damages for failing to provide him with adequate conditions of confinement on May 26, 2016, through May 31, 2016, in violation of the Eighth Amendment;

(2) any and all other claims contained in the complaint are **DISMISSED;**

(3) the Clerk of Court and the United States Marshals Service are **DIRECTED** to issue and serve a copy of this order and the amended complaint (ECF 8) on Dykstra and Watson, as required by 28 U.S.C. § 1915(d); and

(4) pursuant to 42 U.S.C. § 1997e(g)(2), Dykstra and Watson are **ORDERED** to respond, as provided for in the Federal Rules of Civil Procedure and Local Rule 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED.**

ENTERED: June 21, 2017

s/ Philip P. Simon
JUDGE, UNITED STATES DISTRICT COURT