UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DEDRICK JOHNSON,            )
                            )
    Plaintiff,               )
                            )
    v.                       )    Cause No. 3:17-CV-71-PPS-MGG
                            )
                            )
LT. DYKSTRA, et al.,         )
                            )
    Defendants.              )

OPINION AND ORDER

Dedrick Johnson, a prisoner without a lawyer, proceeds on an Eighth Amendment claim regarding the conditions of his confinement in a special management cell from May 26, 2016, to May 31, 2016. Defendants move for summary judgment, arguing that Johnson did not exhaust his administrative remedies before filing this case. ECF 23. Specifically, Defendants argue that the facility records indicate that the only relevant grievance was the formal grievance submitted by Johnson on June 23, 2016, and that Johnson did not appeal this grievance despite receiving a response on July 21, 2016. Johnson does not contest that he made no effort to appeal the June 23 grievance. Instead, he responds that he also submitted a formal grievance on June 21, but correctional staff's failure to comply with the grievance procedures prevented him from completing the grievance process with respect to that grievance. Defendants reply that Johnson has provided no evidence that he submitted a formal grievance on June 21,

1

2016, but, even if he did, the grievance procedure required Johnson to notify the grievance officer if he did not receive a response within seven days and allowed Johnson to appeal without a response after twenty days.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003).

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "[A] prisoner who does not properly take

2

each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002).

Johnson asserts that he was unable to complete the grievance process with respect to the formal grievance he submitted on June 21, 2016. ECF 8-1 at 2. In this grievance, Johnson described the unsanitary conditions of his special management cell and expressed his medical concerns regarding his jaws. As a remedy, he requested that his disciplinary write up be thrown out and that he be allowed to return to general population. Notably, Defendants respond that Johnson offers no proof that he submitted this grievance.

However, Johnson attached a Return of Grievance form to the amended complaint, which appears to be a response to the formal grievance Johnson submitted on June 21, 2016.[1] ECF 8-1 at 1. The form states, "Your complaint concerns a Classification or Disciplinary Hearing issue or action. These types of issues or actions are to be appealed through their own appeal process and not through the grievance process." Unfortunately, the parties' arguments do not account for or even mention this form; they do not address what Johnson did after receiving this form, what Johnson should have done to exhaust his administrative remedies (for example, by appealing through the disciplinary or classification process), or whether Johnson was informed regarding what he should have done to exhaust his administrative remedies.

---

[1] When ruling on a motion for summary judgment, "[t]he court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

3

Because the defendants do not address this return form, I find that they have not satisfied their burden of proof regarding the exhaustion defense. Further, the arguments, by omitting any mention of the return form or any subsequent appeal, present no factual disputes to resolve at a *Pavey* hearing. *See Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). Though I could deny the defendants' motion with prejudice and order the parties to proceed to litigating the merits of Johnson's claims, I will give the defendants' one last opportunity to argue the exhaustion defense and to address the June 21 grievance.

Accordingly:

(1) the defendants are ORDERED to SHOW CAUSE by March 2, 2018, as to why the motion for summary judgment on the exhaustion defense should not be denied by addressing the return form attached to the amended complaint and explaining how it relates to the exhaustion defense;

(2) Dedrick Johnson is GRANTED until March 30, 2018, to reply to the defendants' show cause response; and

(3) the defendants are CAUTIONED that failure to show cause by March 2, 2018, will result in the denial of the motion for summary judgment.

SO ORDERED on February 8, 2018.

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT JUDGE