UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **DEDRICK JOHNSON**, | ) |
| | ) Cause No. 3:17-cv-00071-PPS-MGG |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **LIEUTENANT JEREMY DYKSTRA,** | ) |
| **LIEUTENANT ANTHONY WATSON,** | ) |
| **WARDEN RON NEAL, DEPUTY** | ) |
| **WARDEN GEORGE PAYNE,** | ) |
| | ) |
| Defendants. | ) |

<u>SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL</u>

**COMES NOW**, Plaintiff Dedrick Johnson (hereinafter "Plaintiff"), by counsel, and complains against Lieutenant Jeremy Dykstra, Lieutenant Anthony Watson, Warden Ron Neal, and, Deputy Warden George Payne (collectively referred to as "Defendants") and states and alleges as follows:

**NATURE OF CASE**

1. This lawsuit seeks monetary damages for Plaintiff against Defendants for injuries sustained resulting from constitutional violations arising out of the incidents around, before, and after May 26, 2016. This action is brought pursuant to 42 U.S.C. § 1983 for violations of the First, Eighth, and Fourteenth Amendment of the United States Constitution and Indiana state law.

**VENUE AND JURISDICTION**

2. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331.

1

3. Venue is proper under 28 U.S.C. § 1391 in that the claim alleged herein arose in and the location of the Defendants is in LaPorte County, Indiana, within the Southern District of Indiana.

**RECITALS**

4. Plaintiff is an individual residing in LaPorte County, Indiana and is currently incarcerated at Indiana State Prison.

5. Defendant Lieutenant (now Captain) Jeremy Dykstra was employed at the Indiana State Prison at the time of the incidences occurring on and around May 26, 2016, and is located in LaPorte County, Indiana.

6. At all relevant times, Lieutenant Jeremy Dykstra was acting within the scope of his employment (albeit willfully, wantonly, and maliciously doing so) with the Indiana State Prison.

7. Defendant Lieutenant Anthony Watson was employed at the Indiana State Prison at the time of the incidences occurring on and around May 26, 2016, and is located in LaPorte County, Indiana.

8. At all relevant times, Lieutenant Anthony Watson was acting within the scope of his employment (albeit willfully, wantonly, and maliciously doing so) with the Indiana State Prison.

9. Lieutenant Jeremy Dykstra and Lieutenant Anthony Watson are sued in the official and individual capacities.

10. Defendant Warden Ron Neal was the warden of the Indiana State Prison, who operated the Indiana State Prison, at the date and time of the incidences occurring on and around May 26, 2016.

11. At all relevant times, Warden Ron Neal was acting within the scope of his employment (albeit willfully, wantonly, and maliciously doing so) with the Indiana State Prison.

12. Defendant Deputy Warden George Payne was the deputy warden of the Indiana State Prison at the time of the incidences occurring on and around May 26, 2016.

13. At all relevant times, Deputy Warden George Payne was acting within the scope of his employment (albeit willfully, wantonly, and maliciously doing so) with the Indiana State Prison.

14. Warden Ron Neal and Deputy Warden George Payne as policy makers, decision makers, supervisors, and trainers at the Indiana State Prison, are sued in their official and individual capacities.

15. Warden Ron Neal and Deputy Warden George Payne may collectively be referred to as "Indiana State Prison".

16. All defendants may collectively be referred to as "Defendants".

## FACTUAL ALLEGATIONS

17. Defendant Warden Ron Neal was the warden of the Indiana State Prison during on the date of the incidences occurring on and around May 26, 2016.

18. Defendant Deputy Warden George Payne was the deputy warden of the Indiana State Prison on the date of the incidences occurring on and around May 26, 2016.

19. On May 26, 2016, Plaintiff was placed in a Special Management Cell (hereinafter "Cell") at the Indiana State Prison by Defendants Lieutenant Jeremy Dykstra and Lieutenant Anthony Watson.

20. The Cell where Plaintiff was placed had fecal matter covering its walls, floors, door, and ceiling. Vomit, food, and feces were also smeared and caked on the Cell's toilet and sink and urine coated the floor, rendering it uninhabitable.

21. The inhumane conditions of the Cell where Plaintiff was placed would shock and disgust the conscience of all reasonable people. No reasonable person could expect another human being to live in such inhumane and deplorable conditions.

22. Any person subjected to these conditions would be repulsed.

23. Plaintiff had a broken jaw on and around May 26, 2016 from a separate, unrelated incident, which required stiches and his mouth being wired shut.

24. Upon information and belief, Defendants were on notice of Plaintiff's broken jaw and, therefore, should have checked up on Plaintiffs well-being regarding these circumstances. Plaintiff's circumstances notwithstanding, the conditions of the Cell were still well below the standard of cleanliness which Defendants have a duty to provide to inmates.

25. As a result of being placed in the filth of the Cell, Plaintiff became physically ill to the point of vomiting. Since his mouth was wired shut, Plaintiff risked choking on his own vomit, and was, therefore, forced to personally rip the wires from his mouth, which resulted in extreme pain and a broken tooth.

26. Plaintiff was left in the filthy Cell for six (6) days, and for the first two (2) days did not receive any medical treatment for his injuries.

27. During this time, Defendants took no action to clean the Cell and prohibited Plaintiff from cleaning himself of the filth and stench that he had accrued from the Cell.

28. Plaintiff endured a broken tooth after having to rip open his wired-shut mouth, which was later required to be surgically removed.

29. Indiana State Prison has failed to adequately protect its inmates from inhumane conditions.

30. It is the policy and custody of Indiana State Prison to not adequately protect its inmates.

31. It is the policy and custody of Indiana State Prison to not adequately protect its inmates from known dangerous and inhumane situations.

32. It is the policy and custody of Indiana State Prison to not adequately protect its inmates and to remove them from dangerous and inhumane situations.

33. It is the policy and custody of Indiana State Prison to not adequately inspect the its prison and cells.

34. It is the policy and custody of Indiana State Prison to not adequately provide sufficient medical treatment to its inmates.

35. Defendants, if not directly, caused the constitutional deprivations by acting or failing to act with a deliberate, reckless, and conscious disregard to Plaintiff's constitutional rights, at their direction, or with their knowledge and consent.

36. The pervasiveness of the inhumane conditions and polices at the Indiana State Prison, to which Plaintiff was a victim, are well known to the prison's inmates and to Defendants and are, therefore, objectively verifiable.

37. Plaintiff has incurred physical injuries as well as serious emotional distress and has expended a considerable sum in litigation costs as result of Defendant's actions as well as other economic and non-economic damages.

38. In response to these injuries, Plaintiff exhausted the Indiana State Prison's administrative remedies by filing an informal complaint on June 7, 2016 and a formal complaint on June 13, 2016.

39. Defendants impeded Plaintiff's efforts to exhaust the administrative remedies by failing to properly process, review, and investigate Plaintiff's informal and formal complaints.

## COUNT I §1983—MONELL

### (WARDEN RON NEAL, AND DEPUTY WARDEN GEORGE PAYNE all in their individual and official capacities)

40. Plaintiff incorporates by reference the preceding paragraphs of this complaint as fully set forth herein.

41. The policies, customs, regulations, practices, acts, and omissions of Indiana State Prison are the moving and causative forces behind the violations of the constitutional rights and the resulting damages suffered by Plaintiff.

42. Upon information and belief, Indiana State Prison failed to properly train their employees to ensure that safety mechanisms were in place, to properly protect its inmates, and to ensure that inmates inhabit humane and sanitary conditions and receive proper medical treatment for serious medical conditions.

43. Upon information and belief, Indiana State Prison failed to properly train their employees to ensure that inmates' grievances were properly processed, reviewed, and investigated.

44. To the extent such policies are in place, such policies are routinely violated, such that Indiana State Prison has become objectively and subjectively indifferent to the likelihood that a constitutional violation would occur.

45. Indiana State Prison knew or should have known that their acts and omissions were likely a result in a violation of the First, Eighth and Fourteenth Amendments.

46. Indiana State Prison were also deliberately indifferent to Plaintiff in that they knew of this excessive risk to Plaintiff's health and safety and deliberately, consciously, and recklessly disregarded it.

47. Indiana State Prison's actions constitute violations under <u>Monell</u> pursuant to 42 U.S.C. §1983.

48. As a direct, legal, and proximate result of Indiana State Prison's deliberate indifference, gross negligence, as well as conscious and reckless disregard, Plaintiffs suffered economic and non-economic damages.

49. Plaintiff reserves the right to proceed with any and all claims which the facts averred in this complaint support, pursuant to the notice pleading requirement of F.R.C.P. 8.

**COUNT II EIGHTH AMENDMENT VIOLATION - CRUEL AND UNUSUAL PUNISHMENT**

**(WARDEN RON NEAL, DEPUTY WARDEN GEORGE PAYNE, LIEUTENANT JEREMY DYKSTRA, AND LIEUTENANT ANTHONY WATSON all in their individual and official capacities)**

50. Plaintiff incorporates by reference the preceding paragraphs of this complaint as fully set forth herein.

51. Defendants' actions constitute cruel and unusual punishment under the Eighth Amendment.

52. Defendants were aware of the substantial risk imposed upon Plaintiff and refused to provide sufficient protection.

53. Defendants were deliberately indifferent to the risk and failed to take reasonable steps to address it.

54. Defendants refused to provide sufficient support with a deliberate indifference to do so.

55. As a direct, legal, and proximate result of Defendants' deliberate indifference, gross negligence, as well as conscious and reckless disregard, Plaintiffs suffered economic and non-economic damages.

### COUNT III EIGHTH AMENDMENT VIOLATION- REFUSAL TO PROVIDE SUFFICIENT MEDICAL CARE

### (WARDEN RON NEAL, DEPUTY WARDEN GEORGE PAYNE, LIEUTENANT JEREMY DYKSTRA, AND LIEUTENANT ANTHONY WATSON all in their individual and official capacities)

56. Plaintiff incorporates by reference the preceding paragraphs of this complaint as fully set forth herein.

57. Defendants' actions constitute cruel and unusual punishment under the Eighth Amendment for refusal to provide sufficient medical care.

58. Defendants violated the Eighth Amendment with a deliberate indifference to the serious medical needs of Plaintiff.

59. Defendants refused to provide sufficient support with a deliberate indifference to do so.

60. As a direct, legal, and proximate result of Defendants' deliberate indifference, gross negligence, as well as conscious and reckless disregard, Plaintiffs suffered economic and non-economic damages.

### COUNT IV – FOURTEENTH AMENDMENT

### (WARDEN RON NEAL, DEPUTY WARDEN GEORGE PAYNE, LIEUTENANT JEREMY DYKSTRA, AND LIEUTENANT ANTHONY WATSON all in their individual and official capacities)

61. Plaintiff incorporates by reference the preceding paragraphs of this complaint as fully set forth herein.

62. Defendants' actions constitute violations under the Fourteenth Amendment for refusal to provide sufficient medical care, protection, and other rights and liberties afforded to Plaintiff under the law.

63. Defendants refused to provide Plaintiff sufficient protection, medical treatment, and sanitary living conditions with a deliberate indifference to do so.

64. As a direct, legal, and proximate result of Defendants' deliberate indifference, gross negligence, as well as conscious and reckless disregard, Plaintiffs suffered economic and non-economic damages.

## COUNT V – FIRST AMENDMENT VIOLATION

### (WARDEN RON NEAL, DEPUTY WARDEN GEORGE PAYNE, LIEUTENANT JEREMY DYKSTRA, AND LIEUTENANT ANTHONY WATSON all in their individual and official capacities)

65. Plaintiff incorporates by reference the proceeding paragraphs of this complaint as fully set forth herein.

66. Defendants' actions constitute violations under the First Amendment. By impeding Plaintiff's efforts to exhaust the Indiana State Prison's administrative remedies, Defendants thwarted his right to complain about prison conditions, a right afforded to incarcerated individuals under the First Amendment.

67. Defendants failed to properly process, review, and investigate Plaintiff's informal and formal complaints regarding these incidences, and as such, refused to provide Plaintiff with sufficient opportunities to complain about his prison conditions and did so with deliberate indifference and conscious and reckless disregard.

68. As a direct, legal, and proximate result of Defendants' deliberate indifference, gross negligence, as well as conscious and reckless disregard, Plaintiff suffered economic and non-economic damages.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter judgment in favor of him on all counts of this Complaint, award him compensatory damages and punitive damages as well as litigation costs, economic and non-economic damages, and grant him such other and further

relief as this Court deems just under the circumstances, including, but not limited to, a public apology, attorneys' fees, and pre- and post-judgment interest.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury in this action to the fullest extent permitted by law.

Date: June 21, 2018                           Respectfully submitted,

*s/ Andrea L. Ciobanu*
Andrea L. Ciobanu, #28942-49
CIOBANU LAW, P.C.
8910 Purdue Road, Suite 240
Indianapolis, IN 46268
Phone: (317) 495-1090
Fax: (866) 841-2071
Email: aciobanu@ciobanulaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2018, a copy of this document was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Jill E Esenwein
Rebecca McClain
Sara T Martin
Indiana Attorney General's Office
Indiana Government Center South
302 W Washington St. 5th Fl
Indianapolis, IN 46204

*s/Andrea L. Ciobanu*
Andrea L. Ciobanu, #28942-49
CIOBANU LAW, P.C.
8910 Purdue Road, Suite 240
Indianapolis, IN 46268
Phone: (317) 495-1090
Fax: (866) 841-2071
Email: aciobanu@ciobanulaw.com